UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
THERESA PITMAN, Individually and On Behalf :
of All Others Similarly Situated,  :
:
                       Plaintiff,  :      **MEMORANDUM AND ORDER**
:      21 Civ. 918 (KAM) (VMS)
              -against-  :
:
IMMUNOVANT, INC. f/k/a HEALTH  :
SCIENCES ACQUISITIONS CORPORATION,  :
PETER SALZMANN, PAMELA YANCHIK  :
CONNEALY, and RODERICK WONG,  :
:
                     Defendants.  :
------------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court are competing motions for the appointment of lead plaintiff and approval of lead counsel, filed by the following movants: (1) Bucks County Employees Retirement System ("Bucks County"), ECF No. 7 ("Bucks County's Mot."); and (2) SEPTA Pension Plan Master Trust ("SEPTA"), ECF No. 12 ("SEPTA's Mot."). For the reasons that follow, this Court grants SEPTA's motion for appointment of lead plaintiff and approval of lead counsel. SEPTA is hereby appointed as lead plaintiff and SEPTA's choice of counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), is hereby appointed as lead counsel.[1]

---

[1] "As a preliminary matter, this Court concludes that an order appointing lead plaintiff and approving lead counsel qualifies as a nondispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure, allowing this Court to issue a written order (i.e., a Memorandum and Order) rather than a recommended disposition (i.e., a Report and Recommendation). See Fed. R. Civ. P. 72(a). Multiple courts, including one in this District, have concluded that motions to appoint lead plaintiffs and approve lead counsel are nondispositive." Salim v. Mobile TeleSystems PJSC, No. 19 Civ. 1589 (AMD) (RLM), 2019 WL 11095253, at *1 n.2 (E.D.N.Y. Sept. 11, 2019) (collecting cases).

I. **Background**

On February 19, 2021, plaintiff Theresa Pitman ("Plaintiff" or "Pitman") commenced this matter by filing a class action complaint against Immunovant, Inc. f/k/a Health Sciences Acquisitions Corporation ("Immunovant"), Peter Salzmann ("Salzmann"), Pamela Yanchik Connealy ("Connealy") and Roderick Wong ("Wong") (collectively, "Defendants"). See ECF No. 1 ("Compl."). The complaint sets forth claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), asserted on behalf of putative class members who purchased or otherwise acquired Immunovant securities between October 2, 2019, and February 1, 2021, inclusive (the "Class Period"). See Compl. ¶ 1.

Three movants timely filed motions for the appointment of lead plaintiff and approval of lead counsel: (1) Bucks County, (2) Erie County Employees' Retirement System ("Erie County"), and (3) SEPTA. See ECF Nos. 7-12. While the movants' respective motions were pending, Bucks County supplemented its motion by filing a notice of non-opposition to the competing motions, acknowledging that Bucks County did not appear to have the largest financial interest in the litigation within the meaning of the PSLRA, but did not withdraw its motion. See ECF No. 13. On April 26, 2021, Erie County withdrew its motion for appointment as lead plaintiff and approval of lead counsel, also acknowledging it did not appear to have the largest financial interest within the meaning of the PSLRA. See ECF No. 15. SEPTA is the only movant to file an opposition to Bucks County's motion for appointment of lead plaintiff and approval of lead counsel. See ECF No. 14. Thus, the Court must review the remaining motions from SEPTA and Bucks County for appointment of lead plaintiff and approval of lead counsel.

## II.   Motions To Appoint Lead Plaintiff

### a.   Legal Standard

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws.  See 15 U.S.C. §§ 78u-4(a)(1)-(3)(B)(i).  First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of (1) the pendency of the action, (2) the claims asserted therein, (3) the purported class period and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice.  See id. § 78u-4(a)(3)(A)(i).  Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  See id. §§ 78u-4(a)(3)(A)-(B).

The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the "person or group of persons" that (1) either filed the complaint or moved to be appointed as lead plaintiff, (2) has the largest financial interest in the action and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.  See id. §§ 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).  Of these, the second prong, financial interest, is generally considered the "pivotal factor under the PLSRA."  Reimer v. Ambac Fin. Grp., Inc., No. 08 Civ. 1273 (NRB), 2008 WL 2073931, at *2 (S.D.N.Y. May 9, 2008).  At this stage, satisfaction of the third prong requires only that the movant "make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23."  Clark v. Barrick Gold Corp., No. 13 Civ. 3851 (RPP), 2013 WL 5300698, at *2 (S.D.N.Y. Sept. 20, 2013) (quoting Sgalambo v. McKenzie, 268 F.R.D. 170, 173 (S.D.N.Y. 2010)).

Once a prospective lead plaintiff has discharged this initial burden, a competing movant

may rebut it only by evidence that the prospective lead plaintiff either will not fairly and adequately protect the interests of the class or is subject to unique defenses not applicable to other class members.  See 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

    **b.**    **Discussion**

        **i. Timeliness**

On February 19, 2021, Pomerantz LLP, as counsel to Plaintiff, published in PRNewswire, a press release announcing that a securities class action had been filed against Defendants.  See ECF No. 12-1 (Ex. A to SEPTA's Mot.).  The press release also advised those who wished to serve as lead plaintiff in the purported class action to file the appropriate motion no later than April 20, 2021.  See id.  No moving party has challenged the adequacy of the February 19, 2021 notice, and the filing of a press release through PRNewswire is an appropriate means of satisfying the PSLRA's notice requirement.  15 U.S.C. § 78u-4(a)(3)(A)(i); see, e.g., Chauhan v. Intercept Pharms., No. 21 Civ. 36 (LJL), 2021 WL 235890, at *2 (S.D.N.Y. Jan. 25, 2021).

Based upon the publication date of February 19, 2021, the 60-day period in which members of the proposed class could move to serve as lead plaintiff of the purported class expired on April 20, 2021.  Both of the remaining movants' motions were thus timely filed with this Court, as they were filed on April 20, 2021.  See Bucks County's Mot.; SEPTA's Mot.

As there is no objection to the notice of February 19, 2021, and because both remaining movants complied with the PSLRA's 60-day deadline to move to serve as lead plaintiff of the purported class, the Court must now turn to the remaining elements of the first stage of the inquiry: which of the two movants has the largest financial interest in the relief sought, see 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb), and whether the movant with the largest financial interest

satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, see id. § 78u-4(a)(3)(B)(iii)(I)(cc).

### ii. Financial Interest

Although ordinarily the Court would begin with a determination of which of the two aspiring lead plaintiffs "has the largest financial interest," that issue does not appear to be disputed. Bucks County concedes that it does not appear to have the largest financial interest in this litigation within the meaning of the PSLRA. See ECF No. 13 at 1. The Court has also reviewed the supporting documentation the parties submitted substantiating their losses and cannot discern a basis to conclude otherwise, and finds that SEPTA has the largest financial interest in the litigation with reported losses of $247,050.42, see ECF No. 12-3 at 2, as opposed to Bucks County's reported losses of $104,085.89, see ECF No. 8-3 at 2.

### iii. Satisfying Rule 23

"To establish typicality under Rule 23(a)(3), the party [] must show that 'each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.'" In re Flag Telecom Holdings, Ltd. Sec. Litig., 574 F.3d 29, 35 (2d Cir. 2009) (quoting Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993)). SEPTA's claims are typical of the class because all class members were similarly harmed by the revelation of Defendants' allegedly materially false and misleading statements. See SEPTA's Mot. at 3.

Adequacy "entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." Flag Telecom Holdings, 574 F.3d at 35 (citing Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 60 (2d Cir. 2000)). Based on SEPTA's

submissions, the Court is satisfied that SEPTA's retained counsel, Robbins Geller, is experienced, competent and well-qualified to conduct the class action securities litigation at hand.  See, infra, Section III.  SEPTA also maintains a sufficient financial interest in the outcome of the case to advocate vigorously on behalf of the class and, in its papers, confirms that there are no conflicts between its claims and those asserted on behalf of the putative class, and that it is not subject to any unique defenses.  See SEPTA's Mot. at 3.  Nothing in the record suggests otherwise.

####        iv.      Rebutting The Statutory Presumption

With respect to the second stage of the inquiry, Bucks County, Erie County and other members of the class have not raised any opposition to SEPTA's motion for appointment as lead plaintiff.  See ECF Nos. 13, 15.  Nothing in the record rebuts the presumption that SEPTA would fairly and adequately protect the interests of the class, nor is there any reason to believe that SEPTA is subject to any unique defense that would otherwise render it incapable of adequately representing the class.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  The PSLRA's statutory presumption has not been rebutted.

### III.    Motions To Appoint Lead Counsel

The PLSRA requires that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  See id. § 77z-1(a)(3)(B)(v).  Courts defer to a plaintiff's selection of counsel "and will only reject the plaintiff's choice . . . if necessary to protect the interests of the class."  Xiangdong Chen v. X. Fin., No. 19 Civ. 6908 (KAM) (SJB), 2020 WL 2478643, at *5 (E.D.N.Y. May 13, 2020) (quoting Bray v. Frontier Commc'ns Corp., No. 17 Civ. 1617 (VAB), 2018 WL 525485, at *11 (D. Conn. Jan. 18, 2018)).  SEPTA's chosen counsel, Robbins Geller, has substantial experience in securities class action

6

litigation and has served as lead counsel in many cases alleging violations of the securities laws. See SEPTA's Mot. at 4.  The undersigned therefore will not disturb SEPTA's selection of lead counsel.

### IV.     Conclusion

For the foregoing reasons, Bucks County's motion is denied and SEPTA's motion is granted; SEPTA is hereby appointed lead plaintiff, and SEPTA's choice of counsel, Robbins Geller, is hereby appointed as lead counsel.

Dated:   Brooklyn, New York
            December 29, 2021

                                                            *Vera M. Scanlon*
                                                            VERA M. SCANLON
                                                            United States Magistrate Judge