UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x

THERESA PITMAN, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

    v.

IMMUNOVANT, INC. f/k/a HEALTH
SCIENCES ACQUISITIONS
CORPORATION, RODERICK WONG,
PETER SALZMANN, PAMELA YANCHIK
CONNEALY, FRANK M. TORTI, ANDREW
FROMKIN, DOUGLAS HUGHES, GEORGE
MIGAUSKY, ATUL PANDE, ERIC
VENKER, SVB LEERINK LLC, LIFESCI
CAPITAL LLC, CHARDAN CAPITAL
MARKETS LLC, GUGGENHEIM
SECURITIES, LLC, ROBERT W. BAIRD &
CO. INCORPORATED, and ROIVANT
SCIENCES LTD.,

                Defendants.

———————————————————— x

: Civil Action No. 1:21-cv-00918-KAM-VMS

: CLASS ACTION

**STIPULATION AND [PROPOSED] ORDER REGARDING
DISMISSAL AND TOLLING AGREEMENT FOR PAMELA YANCHIK CONNEALY**

WHEREAS, on February 19, 2021, plaintiff Theresa Pitman filed a Class Action Complaint (the "Initial Complaint") asserting claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against defendants Immunovant, Inc. f/k/a Health Sciences Acquisitions Corporation, Peter Salzmann, Pamela Yanchik Connealy ("Connealy"), and Roderick Wong;

WHEREAS, on December 29, 2021, the Court entered a Memorandum and Order appointing SEPTA Pension Plan Master Trust as lead plaintiff ("Lead Plaintiff") and Robbins Geller Rudman & Dowd LLP as lead counsel pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4 (ECF No. 18);

WHEREAS, on January 28, 2022, the parties entered into a Stipulation which the Court Ordered granting Lead Plaintiff the right to file a complaint alleging Securities Act violations on February 1, 2022 (the "February 1, 2022 Complaint"), to preserve claims under the Securities Act of 1933 (the "Securities Act") pursuant to the Section 13 one year statute of limitations (ECF No. 25);

WHEREAS, on February 1, 2022, Lead Plaintiff filed the February 1, 2022 Complaint for Violations of the Federal Securities Laws, which alleged claims against defendant Connealy and other defendants pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act and Sections 10(b) and 20(a) of the Exchange Act (ECF No. 29);

WHEREAS, on March 15, 2022, Lead Plaintiff filed the Amended Complaint For Violations of the Federal Securities Laws ("AC") and alleged claims against defendant Connealy and other defendants pursuant to the Securities Act and Exchange Act (ECF No. 44);

WHEREAS, defendant Connealy has requested that Lead Plaintiff voluntarily dismiss her from the above-captioned action (the "Litigation"), without prejudice and without costs, and agrees

to toll any applicable statute of limitations and repose periods, or other time-based defense (including, but not limited to, laches and estoppel), while Lead Plaintiff prosecutes the Litigation against the other defendants;

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff and defendant Connealy, through their undersigned counsel, subject to the approval of the Court, as follows:

1.    Lead Plaintiff voluntarily dismisses, without prejudice, all claims in the AC against defendant Connealy;

2.    This Stipulation is effective as of the date of this Stipulation and shall terminate 30 days after entry of an Order that terminates the Litigation and all time for appeals of said Order against the last of the other defendants remaining in the Litigation;

3.    Defendant Connealy agrees to toll any applicable statute of limitations or repose periods, any time-based claims of estoppel or laches, or other time-based defense until the earlier of (i) Lead Plaintiff's reassertion of claims against defendant Connealy or (ii) the termination of this Stipulation;

4.    If Lead Plaintiff reasserts claims against defendant Connealy, defendant Connealy agrees that all claims under the Exchange Act shall relate back to February 19, 2021, the date of the Initial Complaint, and all claims under the Securities Act shall relate back to the date of the February 1, 2022 Complaint;

5.    Nothing in this Stipulation shall be construed as a waiver of any argument, defense or right available to any party.

6.    By entering into this Stipulation, and except as otherwise specifically set forth herein, neither Lead Plaintiff nor defendant Connealy waive, dismiss, release or otherwise lose

any available claim or defense (including any time-based defense) available as of February 19, 2021 with respect to Lead Plaintiff's Exchange Act Claims and February 1, 2022 with respect to Lead Plaintiff's Securities Act claims;

7.    Defendant Connealy agrees to preserve and maintain all documents, writings and recordings (as defined in the Federal Rules of Civil Procedure and the Federal Rules of Evidence) that she would be obligated to preserve as of February 19, 2021, were she not to be dismissed as a party to the Litigation;

8.    Defendant Connealy consents to the service of subpoenas seeking the production of documents and appearance for deposition by delivery of such subpoenas to her undersigned counsel in any manner permitted by Federal Rule of Civil Procedure Rule 5.  The parties hereto agree that any discovery disputes between Lead Plaintiff and defendant Connealy will be resolved by the United States District Court for the Eastern District of New York, and consent to the jurisdiction of the Court solely for purposes of discovery in the Litigation.   The parties acknowledge, however, that defendant Connealy reserves all rights and obligations to the appropriateness of said subpoenas, including, but not limited to, whether the testimony and/or documents sought fall within the scope of discovery pursuant to the Federal Rules of Civil Procedure;

9.    Defendant Connealy agrees to appear at any trial held in this Litigation as if she were a party to the Litigation;

10.    This Stipulation and any conversations surrounding it shall not be deemed to be an admission from any party that valid claims or defenses exist against any party and shall not be offered into evidence in any Litigation between the parties unless necessary to enforce the terms herein;

11. This Stipulation will be binding to the successors and assigns of each party to this Stipulation;

12. In entering into this Stipulation, the parties represent that they have been represented by counsel of their choice in the negotiation and drafting of this Stipulation, or have had the opportunity for such representation. Accordingly, this Stipulation shall not be strictly construed against either party on the ground that the rules for the construction of contracts require resolution of any ambiguity against the party drafting the document. The parties represent that this Stipulation has been completely read and explained to them by their attorneys and that the terms of this Stipulation are fully understood and voluntarily accepted by them;

13. The Stipulation may be executed in counterparts. Faxed and electronically transmitted copies shall be treated as originals;

14. This Stipulation contains the full and complete agreement of the parties hereto. No extension, renewal, amendment or waiver of any provision of the Stipulation shall be effective unless it is in writing and signed by the parties to the Stipulation.

DATED: May 16, 2022                              ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
                                                 SAMUEL H. RUDMAN
                                                 EVAN J. KAUFMAN
                                                 NATALIE BONO


                                                       */s/ Evan J. Kaufman*
                                                 EVAN J. KAUFMAN

                                                 58 South Service Road, Suite 200
                                                 Melville, NY  11747
                                                 Telephone:  631/367-7100
                                                 631/367-1173 (fax)
                                                 srudman@rgrdlaw.com
                                                 ekaufman@rgrdlaw.com
                                                 nbono@rgrdlaw.com

                                                 *Lead Counsel for Lead Plaintiff*

- 5 -

DATED: May 16, 2022                    COOLEY LLP


                                       /s/ *Koji F. Fukumura*
                                       KOJI F. FUKUMURA (*pro hac vice*)

                                       4401 Eastgate Mall
                                       San Diego, CA 92121-1909
                                       Telephone: (858) 550-6000
                                       Fax: (858) 550-6420
                                       Email: kfukumura@cooley.com

                                       Counsel for Pamela Yanchik Connealy



**IT IS SO ORDERED.**

DATED: _____      _____

                                       Hon. Kiyo A. Matsumoto
                                       United States District Judge