**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

THERESA PITMAN, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

           -against-                   1:21-cv-00918 (KAM) (VMS)

IMMUNOVANT, INC. f/k/a HEALTH            CLASS ACTION
SCIENCES ACQUISITIONS
CORPORATION, RODERICK WONG,
PETER SALZMANN, PAMELA YANCHIK
CONNEALY, FRANK M. TORTI, ANDREW
FROMKIN, DOUGLAS HUGHES, GEORGE
MIGAUSKY, ATUL PANDE, ERIC
VENKER, SVB LEERINK LLC, LIFESCI
CAPITAL LLC, CHARDAN CAPITAL
MARKETS LLC, GUGGENHEIM
SECURITIES, LLC, ROBERT W. BAIRD &
CO. INCORPORATED, and ROIVANT
SCIENCES LTD.,

                Defendants.

------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION TO DISMISS OF ROIVANT SCIENCES LTD.**

 

WILLIAMS & CONNOLLY LLP
680 Maine Ave, S.W.
Washington, D.C. 20024
650 5th Ave #1500
New York, NY 10019
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

**TABLE OF CONTENTS**

Page

I.  The Amended Complaint Does Not State a Control-Person Claim.....................................1

    A.  No Primary Violation by Immunovant ......................................................................1

    B.  No Control by Roivant..............................................................................................1

    C.  No Culpable Participation Under Section 20(a) .......................................................3

II.  The Amended Complaint Does Not Plead a Section 10(b) Claim Against Roivant. ..........8

CONCLUSION..................................................................................................................................8

## TABLE OF AUTHORITIES

Page

### CASES

*Acito v. IMCERA Group, Inc.* 47 F.3d 47 (2d Cir. 1995) ................................................7

*Alpha Capital Anstalt v. Schwell Wimpfheimer & Assocs. LLP*,
    No. 17-cv-1235, 2018 WL 1627266 (S.D.N.Y. Mar. 30, 2018)................................1

*Arkansas Teacher Retirement System v. Bankrate, Inc.*,
    18 F. Supp. 3d 482 (S.D.N.Y. 2014)................................................................2

*Behrendsen v. Yangtze River Port & Logistics Ltd.*,
    No. 19-cv-00024, 2021 WL 2646353 (E.D.N.Y. June 28, 2021)..............................4

*Boston Retirement System v. Alexion Pharmaceuticals, Inc.*,
    556 F. Supp. 3d 100 (D. Conn. 2021)..............................................................4

*Chapman v. Mueller Water Products, Inc.*, 466 F. Supp. 3d 382 (S.D.N.Y. 2020) ........................5

*City of Taylor General Employees Retirement System v. Magna International Inc.*,
    967 F. Supp. 2d 771 (S.D.N.Y. 2013)..............................................................5

*Crowell v. Ionics, Inc.*, 343 F. Supp. 2d 1 (D. Mass. 2004)..........................................7

*DoubleLine Capital LP v. Odebrecht Financial, Ltd.*,
    323 F. Supp. 3d 393 (S.D.N.Y. 2018)..........................................................2, 3

*ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*,
    553 F.3d 187 (2d Cir. 2009)....................................................................5, 7

*Emerson v. Mutual Fund Series Trust*, 393 F. Supp. 3d 220 (E.D.N.Y. 2019) ..............................1

*Gillis v. QRX Pharma Ltd.*, 197 F. Supp. 3d 557 (S.D.N.Y. 2016)..................................6

*Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573 (S.D.N.Y. 2011) ........................................7

*Grupo Verzatec S.A. de C.V. v. RFE Investment Partners*,
    No. 17-cv-9887, 2019 WL 1437617 (S.D.N.Y. Mar. 29, 2019)..............................2

*In re BISYS Securities Litigation*, 397 F. Supp. 2d 430 (S.D.N.Y. 2005) ..............................5

*In re Comverse Technology, Inc. Securities Litigation*,
    No. 06-cv-1825, 2008 WL 2795927 (E.D.N.Y. July 18, 2008)................................4

*In re EZCorp, Inc. Securities Litigations*, 181 F. Supp. 3d 197 (S.D.N.Y. 2016)........................4

*In re GeoPharma, Inc. Securities Litigation*, 411 F. Supp. 2d 434 (S.D.N.Y. 2006)......................6

Page

Cases—continued:

*In re Gildan Activewear, Inc. Securities Litigation*, 636 F. Supp. 2d 261 (S.D.N.Y. 2009) ...........7

*In re Henry Schein, Inc. Sec. Litig.*,
    No. 18-cv-01428, 2019 WL 8638851 (E.D.N.Y. Sept. 27, 2019) ...............................................3

*In re KeySpan Corp. Securities Litigation*, 383 F. Supp. 2d 358 (E.D.N.Y. 2003)........................7

*In re Tenaris S.A. Securities Litigation*, 493 F. Supp. 3d 143 (E.D.N.Y. 2020) .........................2, 4

*McIntire v. China MediaExpress Holdings, Inc.*, 927 F. Supp. 2d 105 (S.D.N.Y. 2013) ...............1

*Nguyen v. Endologix, Inc.*, 962 F.3d 405 (9th Cir. 2020)...................................................6

*Noto v. 22nd Century Group, Inc.*, 35 F.4th 95 (2d Cir. 2022) .........................................8

*Novak v. Kasaks*, 216 F.3d 300 (2d Cir. 2000)...............................................................5

*Pacific Investment Management Co. v. Mayer Brown LLP*, 603 F.3d 144 (2d Cir. 2010)..............8

*Plumber & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*,
    11 F.4th 90 (2d Cir. 2021) ...................................................................................8

*Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004)...........................................................6

*Saltz v. First Frontier, L.P.*, 485 F. App'x 461 (2d Cir. 2012)...........................................8

*SEC v. Rio Tinto PLC*, 41 F.4th 47 (2d Cir. 2022) .........................................................8

*South Cherry Street, LLC v. Hennessee Group LLC*, 573 F.3d 98 (2d Cir. 2009) .........................5

*Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31 (2d Cir. 2017)...............................................1

*STMicroelectronics v. Credit Suisse Group*, 775 F. Supp. 2d 525 (E.D.N.Y. 2011) .................2, 3

*Teamsters Local 445 Freight Division Pension Fund v. Dynex Capital Inc.*,
    531 F.3d 190 (2d Cir. 2008).................................................................................4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).....................................5, 6, 7

*Turner v. MagicJack VocalTec, Ltd.*,
    No. 13-cv-0448, 2014 WL 406917 (S.D.N.Y. Feb. 3, 2014) ...............................................7

*Woolgar v. Kingstone Cos.*, 477 F. Supp. 3d 193 (S.D.N.Y. 2020) .......................................7

Page

## STATUTES

Securities Act of 1933, Pub. L. No. 73-22, 48 Stat. 74
    (codified as amended at 15 U.S.C. § 77a *et seq.*)
       § 77k...................................................................................................................1
       § 77*l* ...................................................................................................................1
       § 77*o*..............................................................................................................1, 3

Securities Exchange Act of 1934, Pub. L. No. 73-291, 48 Stat. 881
    (codified as amended at 15 U.S.C. § 78a *et seq.*)
       § 78j ...............................................................................................................1, 8
       § 78t ...............................................................................................................1, 3
       § 78u-4 ................................................................................................................5

The flaws in Plaintiff's claims against Roivant Sciences Ltd. are simple and straightforward. Plaintiff cannot state a claim for control-person liability under Section 15(a) of the Securities Act or Section 20(a) of the Exchange Act because it has not pleaded Roivant's control of Immunovant, Inc., or Roivant's culpable participation in any purported fraud. And Plaintiff cannot plead a violation of Section 10(b) of the Exchange Act because it has not alleged that Roivant made any misrepresentation or took any deceptive act, let alone that it did so with scienter. For these reasons, as well as the arguments set forth by Immunovant and the Underwriter Defendants, the Amended Complaint should be dismissed with prejudice.

## I. The Amended Complaint Does Not State a Control-Person Claim.

Plaintiff does not dispute that control-person claims require plausible allegations of (1) a "primary violation" of the securities laws by Immunovant; (2) Roivant's "actual control" of Immunovant and of the specific transactions at issue; and (3) for the Section 20(a) claim, Roivant's "culpable participation." *E.g.*, *Emerson v. Mut. Fund Series Tr.*, 393 F. Supp. 3d 220, 260 (E.D.N.Y. 2019); *McIntire v. China MediaExpress Holdings, Inc.*, 927 F. Supp. 2d 105, 121–22 (S.D.N.Y. 2013); *see* Opp. 81. The Amended Complaint pleads none of these elements.

### A. No Primary Violation by Immunovant

As explained by Immunovant and the Underwriter Defendants, the Amended Complaint does not allege a "primary violation" of Sections 10(b), 11, or 12(a)(2) by Immunovant. *E.g.*, *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 40 (2d Cir. 2017).

### B. No Control by Roivant

To plead control for purposes of a Section 15 or Section 20(a) claim, Plaintiff must plausibly allege that Roivant "exercised *actual* control over the matters at issue" in this litigation— that is, "control over the alleged misrepresentations." *Alpha Cap. Anstalt v. Schwell Wimpfheimer*

*& Assocs. LLP*, No. 17-cv-1235, 2018 WL 1627266, at *20 (S.D.N.Y. Mar. 30, 2018) (emphasis in original) (citation omitted); *Ark. Tchr. Ret. Sys. v. Bankrate, Inc*., 18 F. Supp. 3d 482, 486 (S.D.N.Y. 2014). As Roivant explained in its opening memorandum, Mem. 6–7, "bare status allegations" that Roivant was a controlling shareholder of Immunovant are insufficient. *Grupo Verzatec S.A. de C.V. v. RFE Inv. Partners*, No. 17-cv-9887, 2019 WL 1437617, at *7 (S.D.N.Y. Mar. 29, 2019); *see, e.g.*, *In re Tenaris S.A. Sec. Litig.*, 493 F. Supp. 3d 143, 166 (E.D.N.Y. 2020); *DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, 323 F. Supp. 3d 393, 460–61 (S.D.N.Y. 2018); *Bankrate*, 18 F. Supp. 3d at 486.

Plaintiff's main response is to double down on the same inadequate allegations and quotations from its Amended Complaint. *See* Opp. 82. But mere allegations that a large shareholder "will be able to exercise control over all matters requiring stockholder approval, including the election of [the controlled company's] directors," *id.* (quoting Am. Compl. ¶ 95), do not raise a plausible inference that the shareholder "could exert *day-to-day control*" over the company, *Grupo Verzatec*, 2019 WL 1437617, at *7 (emphasis added). Nor does the power to appoint directors—or the actual appointment of directors—show that a defendant had control "over the alleged misrepresentations at issue in [the] case." *Bankrate*, 18 F. Supp. 3d at 486 (dismissing claim where defendant "controlled more than 50% of Bankrate's stock" and "had four sitting representatives on Bankrate's seven person board"); *Grupo Verzatec*, 2019 WL 1437617, at *7–8. To the contrary, such allegations "simply identif[y] the standard relationship between a company and a large shareholder." *Grupo Verzatec*, 2019 WL 1437617, at *8.

The only case Plaintiff cites in support of its status theory contradicts it. *See* Opp. 82. The plaintiff in *STMicroelectronics v. Credit Suisse Group*, 775 F. Supp. 2d 525 (E.D.N.Y. 2011), did not simply rely on allegations of corporate ownership. Instead, it asserted that the controlled

2

company was a "wholly-owned subsidiary" of the defendant, that "the [two] entities' executives overlap[ped] significantly at the highest levels," and that the defendant had "*direct involvement . . . in the underlying events*." *Id.* at 536 (emphasis added; internal quotation marks omitted).  No such facts are alleged here.

Plaintiff next asserts that Roivant signed HSAC's November 27, 2019 proxy statement, which it quotes at paragraph 187 of the Amended Complaint.  Opp. 82.  That is not alleged in the Amended Complaint.  It is also false.  Neither Roivant nor any of its officers or directors signed HSAC's November 27, 2019 proxy statement.  Decl. of John S. Williams, Ex. A.

Plaintiff's final backstop is to point to excerpts from Immunovant's public disclosures describing Roivant's role in certain operational and administrative functions at Immunovant.  Opp. 82–83.  None of those allegations are included in the Amended Complaint.  Regardless, they do nothing to demonstrate "control" for purposes of Section 15(a) or 20(a).  At most, those excerpts show that Roivant assisted Immunovant with certain operational matters—providing, for example, administrative support and access to technology and digital platforms.  That assistance is no reason to infer that Roivant participated in Immunovant's "preparation of its financial disclosures," much less its preparation of statements about IMVT-1401's clinical trials or commercial prospects. *DoubleLine Cap.*, 323 F. Supp. 3d at 460.  The notion that Roivant might have provided software that Immunovant used in monitoring clinical trials does not mean that Roivant played a role in— much less exerted any control over—what Immunovant *said* about those clinical trials.

## C.    No Culpable Participation Under Section 20(a)

Plaintiff's Section 20(a) claim also fails because the Amended Complaint does not plead Roivant's scienter.  *See* Mem. 7–11.  Courts in this district routinely dismiss control-person claims on culpable-participation grounds for failure to plead scienter.  *See, e.g.*, *In re Henry Schein, Inc.*

3

*Sec. Litig.*, No. 18-cv-01428, 2019 WL 8638851, at \*29 (E.D.N.Y. Sept. 27, 2019) (holding "Plaintiff has failed to allege scienter as to Bergman and Paladino, and has therefore failed to allege that they are culpable participants" and collecting authority); *see also, e.g.*, *Behrendsen v. Yangtze River Port & Logistics Ltd.*, No. 19-cv-00024, 2021 WL 2646353, at \*17 (E.D.N.Y. June 28, 2021); *In re Tenaris*, 493 F. Supp. 3d at 165–66; *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-cv-1825, 2008 WL 2795927, at \*7 (E.D.N.Y. July 18, 2008).   Plaintiff does not address this authority.   Instead, no doubt recognizing that its scienter allegations fall short, Plaintiff cites a single out-of-district decision for the proposition that Roivant could still be a culpable participant "[e]ven if Plaintiff's allegations [against Roivant] do not give rise to scienter."   Opp. 83 (citing *Bos. Ret. Sys. v. Alexion Pharms., Inc.*, 556 F. Supp. 3d 100, 144–45 (D. Conn. 2021).   But as the *Boston Retirement* court acknowledged, the "majority of courts"—including those in *this* district— "require … scienter."   556 F. Supp. 3d at 143 (quoting *In re EZCorp, Inc. Sec. Litigs.*, 181 F. Supp. 3d 197, 212 (S.D.N.Y. 2016)).

The Opposition does nothing to bolster the Amended Complaint's conclusory scienter allegations.   As expected, Plaintiff all but admits it has no direct theory of scienter—i.e., one relying on "conscious misbehavior or recklessness."   It spends exactly one sentence—the last one in its brief on "conscious misbehavior"—trying to impute Dr. Salzmann's scienter to Roivant.   *See* Opp. 60.   Dr. Salzmann did not have scienter, as Immunovant's memoranda demonstrate.   But even if he did, his state of mind cannot be imputed to Roivant unless he is "an agent of the corporation [and] committed a culpable act with the requisite scienter."   *Teamsters Loc. 445 Freight Div. Pension Fund v. Dynex Cap. Inc.*, 531 F.3d 190, 195 (2d Cir. 2008).   The Amended Complaint never alleges, either in conclusory form or with factual allegations, that Dr. Salzmann was Roivant's agent.   Nor could it: Dr. Salzmann was never a Roivant employee.   Immunovant

4

was formed as a Bermuda company on July 6, 2018—approximately *11 months before* Dr. Salzmann joined Immunovant and *more than a year before* the earliest purportedly false statement identified by Plaintiff. Speers Decl., Ex. 7 at 22; Am. Compl. ¶¶ 18, 170.

Instead, the Opposition attempts to show Roivant's scienter based on a motive-and-opportunity theory, relying exclusively on Roivant's receipt of a quantity of "earnout shares" when Immunovant stock reached certain price thresholds months before the alleged fraud was revealed. Opp. 62–63. That misunderstands the scienter analysis. "Motive and opportunity" are not "magic words"; they are simply one helpful "gloss" for analyzing whether a defendant acted with "the requisite state of mind." *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 109–10 (2d Cir. 2009) (quoting *Novak v. Kasaks*, 216 F.3d 300, 311 (2d Cir. 2000)). The ultimate inquiry remains whether there are "facts giving rise to a *strong* inference that the defendant acted with … *an intent to deceive, manipulate, or defraud.*" *ECA, Loc. 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) (second emphasis added) (quoting 15 U.S.C. § 78u-4(b)(2) and *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007)).

Plaintiff's inference makes no sense. The theory is that Roivant was incentivized to disregard that Immunovant stock was a ticking time bomb so that Roivant could acquire more Immunovant stock in the form of earnout shares. Opp. 62–63. That theory falls apart because, after having acquired the earnout shares, Roivant did not sell any. It is common sense that a shareholder or executive aware of wrongdoing "rushe[s] to cash out'" before the wrongdoing is revealed. *Chapman v. Mueller Water Prods., Inc.*, 466 F. Supp. 3d 382, 412 (S.D.N.Y. 2020) (quoting *City of Taylor Gen. Emps. Ret. Sys. v. Magna Int'l Inc.*, 967 F. Supp. 2d 771, 800 (S.D.N.Y. 2013)); *In re BISYS Sec. Litig.*, 397 F. Supp. 2d 430, 444–45 (S.D.N.Y. 2005).

5

Roivant did not "cash out" at all *despite* the fact that it would have had more incentive than anyone to sell stock if it had known of the fraud. Even without its portion of the earnout shares, Roivant owned more than 38.4 million shares. Williams Decl., Exs. B–C (showing Roivant's share ownership in April 2020). According to Plaintiff's theory of loss causation, those shares alone lost *$921,778,011* in value when the stock dropped—a $310-million larger loss than the $611 million value Plaintiff ascribes to all 20 million earnout shares (a total which includes millions of shares received by Mr. Wong and others). *See* Opp. 11 (describing $18.22 and $5.76 per-share drops); *id.* 62–63. The notion that Roivant was aware of any purported fraud is facially "illogical." *Gillis v. QRX Pharma Ltd.*, 197 F. Supp. 3d 557, 601 (S.D.N.Y. 2016) (quoting *In re GeoPharma, Inc. Sec. Litig.*, 411 F. Supp. 2d 434, 446 n.83 (S.D.N.Y. 2006) (collecting cases)); *see Nguyen v. Endologix, Inc.*, 962 F.3d 405, 415–16 (9th Cir. 2020). Roivant was Immunovant's "largest shareholder[] and shared the pain" when the price dropped. *Rombach v. Chang*, 355 F.3d 164, 177 (2d Cir. 2004) (rejecting motive-and-opportunity allegations).

Plaintiff tries to wave away cases like *Gillis* and *Nguyen* by claiming that there was "only a *risk* and not a *certainty*" that IMVT-1401 would raise cholesterol levels. Opp. 63 (emphasis in original). That is a distinction without a difference. The notion that Roivant was aware of such a risk yet did nothing to limit its massive downside exposure is every bit as implausible as the plaintiffs' theories in *Gillis* and *Nguyen*. Plaintiff's burden is to raise a "strong inference"—that is, an inference that is "cogent and compelling"—that Roivant acted with scienter. *Tellabs*, 551 U.S. at 324. Here, the fact that Roivant chose not to sell its Immunovant stock, and thus lost *$921 million* in equity (not including losses on the earnout shares), gives rise to two competing inferences: either (1) Roivant did not know of the alleged fraud, or (2) Roivant decided to cross its fingers and hope that the risk of increased cholesterol would not come to pass. *Id.* at 323 (scienter

6

inquiry is "inherently comparative"). Plaintiff has only pleaded scienter if that second inference is "at least as compelling" as the first. *Id.* at 324. It obviously is not.

The implausibility of theories like Plaintiff's is what leads courts in this Circuit to routinely reject motives like the earnout shares as insufficiently "concrete." *ECA*, 553 F.3d at 198 (citation omitted). Roivant's contractual right to additional shares if the stock reached certain price thresholds is no different from the stock options or bonuses corporate executives receive based on corporate performance. It is well established in this Circuit that "[i]ncentive compensation can hardly be the basis on which an allegation of fraud is predicated," *e.g.*, *id.* at 201 (quoting *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 54 (2d Cir. 1995)), and that a lack of stock sales "rebuts an inference of scienter," *e.g.*, *Turner v. MagicJack VocalTec, Ltd.*, No. 13-cv-0448, 2014 WL 406917, at *11 (S.D.N.Y. Feb. 3, 2014) (collecting in-circuit cases); *compare* Mem. 10–11 & n.2 (same), *with* Opp. 61 (relying on *Crowell v. Ionics, Inc.*, 343 F. Supp. 2d 1 (D. Mass. 2004)).

Even when stock sales *are* alleged, courts will only conclude that they provide a sufficiently concrete benefit if the sales are "unusual or suspicious." *Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 587 (S.D.N.Y. 2011) (quoting *In re Gildan Activewear, Inc. Sec. Litig.*, 636 F. Supp. 2d 261, 270 (S.D.N.Y. 2009)). Indeed, courts frequently hold that a sale just two months before a corrective disclosure is "not indicative of scienter." *Woolgar v. Kingstone Cos.*, 477 F. Supp. 3d 193, 235 (S.D.N.Y. 2020) (citation omitted); *see In re KeySpan Corp. Sec. Litig.*, 383 F. Supp. 2d 358, 385 (E.D.N.Y. 2003) (same). Roivant had *no* stock sales, let alone any "unusual or suspicious" ones. And it last received earnout shares in September 2020—*five months* before the first alleged corrective disclosure in February 2021. Am. Compl. ¶¶ 274–75.

Roivant's receipt of earnout shares is simply too generic a benefit on which to base scienter. More fundamentally, the only plausible inference from Roivant's choice to hold all of its

Immunovant shares is that it was unaware of any purported fraud at Immunovant.  Plaintiff has therefore failed to plead scienter and, thus also, culpable participation.

**II.      The Amended Complaint Does Not Plead a Section 10(b) Claim Against Roivant.**

Plaintiff's Section 10(b) claim against Roivant falls at every step.  *See* Mem. 11–14.  As described in the preceding section, Plaintiff does not plead a strong inference of scienter.  Nor does it plead a primary violation (i.e., an actionable statement, omission, or deceptive act) by Roivant, *e.g.*, *Plumber & Steamfitters Loc. 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 98, 105 (2d Cir. 2021); *Pac. Inv. Mgmt. Co. v. Mayer Brown LLP*, 603 F.3d 144, 151, 158–59 (2d Cir. 2010), much less reliance on that alleged misstatement or deceptive act, *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 106–07 (2d Cir. 2022); *Pac. Inv. Mgmt.*, 603 F.3d at 155–56.

Roivant's motion to dismiss challenged Plaintiff to identify even one misstatement or deceptive act *by Roivant*.  Mem. 12–13.[1]  Plaintiff's Opposition confirms that there are none.  The Section 10(b) claim against Roivant is incurably deficient and should be dismissed.  *E.g.*, *Danske Bank A/S*, 11 F.4th at 98, 105; *Saltz v. First Frontier, L.P.*, 485 F. App'x 461, 465 (2d Cir. 2012).

## CONCLUSION

The Amended Complaint should be dismissed with prejudice.

---

[1] Plaintiff's failure to identify a deceptive act separate from the alleged misrepresentations or omissions is especially important here, because it confirms that the purported scheme claim is an improperly duplicative misstatement claim.  *SEC v. Rio Tinto PLC*, 41 F.4th 47, 53 (2d Cir. 2022) (confirming Second Circuit rule).

Dated:  September 9, 2022

WILLIAMS & CONNOLLY LLP

By:  */s/ John S. Williams*
     John S. Williams (JW-6927)
     jwilliams@wc.com
     680 Maine Ave, SW
     Washington, DC 20024

     650 5th Ave #1500
     New York, NY 10019
     Telephone: (202) 434-5000
     Facsimile: (202) 434-5029

     *Counsel for Roivant Sciences Ltd.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on September 9, 2022, a true and correct copy of the

foregoing was electronically filed and served on all parties of record via the Court's CM/ECF

system and via electronic mail.


Dated:  September 9, 2022                                              /s/ *John S. Williams*